IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Johnny Jones, | ) | C/A No.: 1:13-1330-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Sgt. Pearson, Special Investigation Unit; Mrs. Allen; Case Worker, Q. Remberts; Associate Jerry Washington; and Warden Cecilia Reynolds, individually and in their official capacities, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Johnny Jones, proceeding pro se and in forma pauperis, filed this civil rights action pursuant 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights by Sgt. Pearson ("Pearson"), Mrs. Allen ("Allen"), Q. Rembert ("Rembert"),[1] Jerry Washington ("Washington"), and Cecilia Reynolds ("Reynolds") (collectively "Defendants") while incarcerated at Kershaw Correctional Institution ("KCI"). Defendants are all current or former employees of the South Carolina Department of Corrections ("SCDC").

This matter comes before the court on Defendants' motion for summary judgment [Entry #35] and Plaintiff's motion for entry of default [Entry #39]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to

---

[1] According to Defendants, and undisputed by Plaintiff, the correct name for "Q. Remberts" is Quintina Rembert. [Entry #35-5]

Defendants' motion. [Entry #36]. The motions having been fully briefed [Entry #40, #41, #42, #43], they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions are dispositive, this Report and Recommendation is entered for the district judge's consideration.

I.     Factual and Procedural Background

Plaintiff alleges that his civil rights were violated when Pearson and Allen placed him in administrative segregation following an investigation. [Entry #26-1 at 3–4]. Plaintiff contends that Defendants placed him in administrative segregation "for no reasons" and "without [] justification." *Id.* at 3. He alleges that Pearson and Allen authorized his placement on security detention status after an investigation was complete, even though he had no institutional disciplinary charges. *Id.* Plaintiff alleges his placement on security detention without justification violates his Eighth and Fourteenth Amendment rights. *Id.* Plaintiff also alleges that Washington, Reynolds, and Rembert have violated his rights by failing to respond or respond appropriately to his letters and/or requests to staff. *Id.* at 3-4.

According to SCDC records and Pearson's affidavit, on March 30, 2012, a Security Threat Group ("STG") assessment was performed on Plaintiff. [Entry #35-3 at 4]. According to Pearson, STGs are groups that have been designated by the SCDC Director to be a threat to the security of correctional institutions within the SCDC system. *Id.* at 2. Once an inmate has been deemed a suspected member of an STG, the Special

2

Investigations Unit ("SIU") conducts a rigorous investigation to determine if he can be validated as an STG member. *Id*. If the inmate is validated as an STG member, he is classified as either Validated-GP (meaning general population) or Validated-SD (meaning security detention). *Id*. If an inmate validated as an STG member has not committed or been implicated in any disciplinary infractions or STG activities, he is typically classified as Validated-GP and is allowed to remain in the general population, although he is closely monitored. *Id*. If an inmate validated as an STG member has committed disciplinary infractions and/or participated in STG activities, he is typically classified as Validated-SD and is placed in a Special Management Unit ("SMU") for the protection of the SCDC staff and other inmates. *Id*. Once a validated STG member has been classified as Validated-SD, that individual remains in SMU. *Id*. at 4. However, he may be released from SMU if he renounces his affiliation as an STG member and such renunciation is deemed sincere following a rigorous review. *Id*. He may also be released if the group to which that individual has been validated is removed from the STG list by the SCDC Director. *Id*.

At the time of Plaintiff's STG assessment, he admitted to his membership in the Folk Nation, a known STG. *Id*. Plaintiff also has known Folk Nation tattoos. *Id*. On April 2, 2012, Plaintiff was classified as Validated-GP and was to remain in the general population at KCI. *Id*. However, on May 6, 2012, Plaintiff was charged with possession of a weapon, to which he pled guilty. *Id*.

On June 8, 2012, Plaintiff was placed in administrative segregation pending an investigation due to a security threat. *Id*. On June 11, 2012, Plaintiff's classification was

3

changed to Validated-SD due to prior assaultive disciplinaries and contraband possession.[2] *Id*. Plaintiff's status as Validated-SD was confirmed by the SIU on June 26, 2012. *Id*.

Plaintiff alleges that he has suffered stress and has been diagnosed with high blood pressure from this stress, as a result of Defendants' actions. [Entry #26-1 at 3]. He also contends that he has suffered both "mental and emotional injuries," although he does not specify any particular injuries. *Id*.

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

---

[2] Plaintiff disputes that he has been charged with assault or possession of contraband [Entry #42 at 1–2], but does not appear to dispute that he has been convicted of assaultive disciplinaries and possession of a weapon [Entry #35-2 at 4].

materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.     Analysis

In order to prevail on a due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir.1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 486, (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in

which a state might create a liberty interest). "[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). Although Plaintiff may disagree with the reasons that he was placed in SD, the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration). Here, Plaintiff has failed to show that his placement in SD constitutes such atypical and significant hardship in relation to the ordinary incidents of prison life.

Additionally, Plaintiff has failed to show how his placement in SD violates his Eighth Amendment rights. Plaintiff complains that while in SD, he is limited to three showers per week and has a limited amount of legal supplies. [Entry #42 at 4]. "To demonstrate that conditions of confinement constitute cruel and unusual punishment, [an inmate] must (1) establish that prison officials acted with 'deliberate indifference' and (2) prove extreme deprivations of basic human needs or 'serious or significant' pain or injury." *Smith v. Ozmint*, 578 F.3d 246, 255 (4th Cir. 2009) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). Plaintiff's allegations fail to meet these criteria. Plaintiff fails to allege that Defendants have deprived him of basic human needs, such as food, shelter, or medical needs.

6

In his response to Defendants' motion for summary judgment, Plaintiff mentions for the first time that his confinement in SD "pushed [his] max-out [date] back." [Entry #42 at 3]. To the extent that Plaintiff intends to complain of the duration of his confinement, he is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) (complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983).

For the foregoing reasons, the undersigned recommends the district judge grant Defendants' motion for summary judgment [Entry #35].

  C.  Plaintiff's motion for entry of default

In his motion for an entry of default, Plaintiff appears to allege that Defendants were in default for failure to meet the deadline for filing dispositive motions. [Entry #39]. The docket reflects that Defendants filed their motion for summary judgment on December 11, 2013, in accordance with the court's deadline. [Entry #35]. Defendants also served Plaintiff with the motion on December 11, 2013, by mailing him a copy. [Entry #35-7]. Although Plaintiff may not have received Defendants' motion for summary judgment by December 11, 2013, Defendants timely filed and served the motion. Additionally, default is not ordinarily entered for failure of a party to timely file dispositive motions. *See* Fed. R. Civ. P. 55(a). Therefore, the undersigned recommends the district judge deny Plaintiff's motion for default [Entry #39].

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment [Entry #35] be granted and Plaintiff's motion for an entry of default [Entry #39] be denied. If the district judge accepts this recommendation, Defendants' motion to stay discovery [Entry #38] will be rendered moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 3, 2014                                    Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).